KITTY WALK SYSTEMS, INC., Jeff King and Lise King, Plaintiffs,

v.

MIDNIGHT PASS INCORPORATED, Bradford D. White, Julie Anne White, Barrett Distribution Centers, Inc., formerly known as Barrett Warehouse and Transport, Inc. and San Jose Distribution Services, Inc., Defendants.

No. CV 05–6110.

United States District Court, E.D. New York.

Oct. 31, 2006.

Sher & Sher, P.C., By Daniel J. Sher, Esq., Great Neck, NY, for Plaintiffs.

Eisenberg & Carton, By Lloyd M. Eisenberg, Esq., Ruya Carton, Esq., Bellmore, NY, for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action commenced by parties to a joint venture business agreement against their co-venturers. Plaintiffs are Kittywalk Systems, Inc. ("Kittywalk") and its principals, Jeff and Lise King (the "Kings")( collectively "Plaintiffs"). Named as defendants are Midnight Pass Incorporated ("Midnight Pass"), as well as its principals, Bradford D. and Julie Anne White (the "Whites") (collectively "Defendants").

Presently before the court is Plaintiffs' motion to dismiss Defendants' Lanham Act counterclaims. This motion follows the court's granting of Defendants' motion to

dismiss Plaintiffs' Lanham Act claims. Plaintiff argues that the dismissal of its Lanham Act claims compels dismissal of Defendants' Lanham Act counterclaims. Defendants argue that their Lanham Act claims differ from those asserted by Plaintiffs and state viable claims.

## BACKGROUND

### I. *The Parties' Business Agreement*

Facts regarding the nature of the parties' business relationship are set forth in this court's decision on Defendants' motion to dismiss and will not be discussed in detail here. To summarize, the parties here were formerly parties to an oral joint venture business agreement. Under the agreement, Plaintiffs designed, and Defendants manufactured and distributed, pet products, some of which were sold under the "Kittywalk" name. Packaging on certain Kittywalk products identify the distributor as Defendant Midnight Pass. Also included on such packaging are the telephone number and website address of Midnight Pass.

Defendant alleges, and the court accepts as true at this juncture, the fact that since the break up of the parties' business relationship, Plaintiff has continued to sell Kittywalk products. There is no question that the products sold are genuine. Plaintiffs' current distribution of products is accomplished by a company known as "Pet Rageous," and not by Midnight Pass. Despite the fact that the products are now distributed by Pet Rageous, the packaging is the same packaging used as when Midnight Pass was the distributor and continues to indicate that Midnight Pass is the distributor.

### II. *Prior Proceedings and the Previous Motion to Dismiss*

The complaint in this action was filed along with a request for preliminary injunctive relief. The court declined to grant injunctive relief on the ground that Plaintiffs failed to show irreparable harm. The court also observed that the parties had a business relationship pursuant to which Defendants distributed authentic products about which there was no confusion. While the request for injunctive relief was denied, the court ordered that Defendants maintain all records of product in their inventory and of sales. The parties were ordered to enter into a discovery schedule and Defendants were granted leave to move to dismiss.

This court granted Defendants' motion to dismiss all of Plaintiffs' claims but the claim for an accounting. *See Kitty Walk Sys., Inc. v. Midnight Pass Inc.*, 431 F.Supp.2d 306 (E.D.N.Y.2006). Relevant to this motion is the court's ruling on dismissal of Plaintiff's Lanham Act claims. With respect to those claims, the court noted that a Lanham Act claim is not usually stated based upon the unauthorized sale of authentic goods. *Kitty Walk*, 431 F.Supp.2d at 309–10. Success on any such claim was noted to require a showing that "consumers will be misled or confused as to the source of goods purchased." *Id.* at 310. Because there was no question that the goods continuing to be sold by Midnight Pass were authentic Kitty Walk products, and the only issue was entitlement to the profits from those goods, the court held that there could be no consumer confusion as to source and the Lanham Act claims were therefore dismissed. *Id.*

### III. *The Present Motion to Dismiss*

Defendants assert two counterclaims based upon alleged violations of the Lanham Act. It is the identification of Midnight Pass as the distributor of Kitty Walk products by Plaintiffs that forms the basis of these counterclaims. Since the present distributor of the products is Pet Rageous and the packaging continues to identify

Midnight Pass as the distributor, Defendant argues the current packaging contains false information as to the origin of the products and violates the Lanham Act. Relying on this court's earlier decision, Kittywalk claims that the genuine nature of the goods, despite their distribution by a different company, requires dismissal of the Lanham Act claims.

## DISCUSSION

### I. Facts

There is no question but that Kitty Walk is currently distributing genuine Kitty Walk products. The current distributor of those products is Pet Rageous and not Midnight Pass. Defendants allege, and the court accepts as true at this point in the proceedings, that the items currently sold are from the inventory on hand when the joint venture was dissolved. Accordingly, the packaging continues to identify Midnight Pass as the distributor and states that company's telephone number and website.

### II. Disposition of the Motion

■ As set forth in the earlier opinion of the court, a Lanham Act claim does not generally lie following the unauthorized sale of genuine goods. *Polymer Tech. Corp. v. Mimran,* 975 F.2d 58, 61–62 (2d Cir.1992). Instead, success on such a claim requires a showing that customers will be misled or confused as to the source of goods purchased. *Polymer,* 975 F.2d at 63. It is this legal principal that resulted in dismissal of Plaintiffs' Lanham Act claims.

■ The difference between Plaintiffs' Lanham Act claims and Defendant's counterclaims is that the counterclaims are based upon the argument that although the products sold are genuine, they bear false information as to the identity of the distributor. The question before the court

is whether this fact requires a different result. The court holds that it does.

■ Plaintiff relies on cases referred to in this court's earlier opinion as well as those holding that a trademark owner lacks the ability to bar resale of his trademarked item. The court agrees with Plaintiff that any such resale is neither trademark infringement nor unfair competition, so long as the mark "is used in a way that does not deceive the public." *Prestonettes, Inc. v. Coty,* 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731 (1924); *see Dow Jones & Co., Inc. v. International Sec. Exchange, Inc.,* 451 F.3d 295, 308 (2d Cir.2006) (trademark rights not violated so long as the trader does not create confusion); *Polymer Tech. Corp. v. Mimran,* 975 F.2d 58, 61–62 (2d Cir.1992) (trademark law does not reach the sale of genuine goods bearing a true mark even if not authorized by the mark owner).

The problem in this case, and the reason that Defendant's counterclaims state a claim, is that while Plaintiffs distribute genuine Kitty Walk items, the packaging of those items bears false information identifying Defendant as the distributor. This is not true and is misleading to the consumer. This is not to say that Plaintiffs are to be prohibited from continuing to distribute inventory on hand when the joint venture terminated. Indeed, Defendants state specifically that they do not seek to enjoin distribution of inventory by Plaintiffs. As parties to the former joint venture Plaintiffs have the same rights to distribute inventory as Defendants.

The court holds, however, that to continue such distribution by a different distributor, without correcting the packaging, is to distribute product that contains false information. Whether such shipments occurred and the damages that Defendants might suffer from such distribution are unclear at this point and will be subject to

proof. Nevertheless, the inclusion of misleading information on Kitty Walk items is what distinguishes Defendant's counterclaims from Plaintiff's dismissed claims. It is also what requires this court to deny the motion to dismiss.

### CONCLUSION

For the foregoing reasons, the court denies the motion to dismiss Defendant's counterclaims. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.